## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| **MEAGAN HEALY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 20-03304-CV-S-WBG** |
| ) | |
| **KILOLO KIJAKAZI,**[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER AND OPINION REVERSING ACTING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff Meagan Healy's appeal of Defendant Acting Commissioner of Social Security's final decision denying her application for disability insurance benefits. After carefully reviewing the record and the parties' arguments, the Acting Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings.

## I.        BACKGROUND

Plaintiff was born in 1981 and has a master's degree in mechanical engineering. R. at 27, 72, 153. She previously worked as a mechanical engineer and graduate assistant. R. at 26, 101-02. In November 2018, Plaintiff applied for disability insurance benefits, alleging a disability onset date of October 1, 2018. R. at 15, 153-54. Her application was denied, and she requested a hearing before an administrative law judge ("ALJ"). R. at 124-28, 131-32.

In December 2019, ALJ Mark Clayton held a hearing during which Plaintiff and a vocational expert testified. R. at 64-110. On January 29, 2020, the ALJ issued his decision, finding Plaintiff is not disabled. R. at 15-28. The ALJ concluded Plaintiff suffers from the following

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is automatically substituted as Defendant in this suit.

severe impairments: "mental impairment(s), variously described as depression with anxiety, situational mixed anxiety and depressive disorder, generalized anxiety disorder with panic attacks, borderline personality disorder, and/or post-traumatic stress disorder (PTSD)." R. at 17. He determined Plaintiff has the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels" with the following non-exertional limitations: "[T]he claimant can understand, remember, and carry out less than complex instructions and maintain concentration, persistence, or pace on less than complex tasks, in an environment with occasional interaction with others." R. at 22.

Based upon his review of the record, the RFC, and hearing testimony, the ALJ concluded Plaintiff could work as a bag loader, dryer attendant, and box bender, and therefore, is not disabled. R. at 27. Plaintiff unsuccessfully appealed the ALJ's decision to the Social Security Administration's Appeals Council. R. at 1-6, 150-52. She now appeals to this Court. Doc. 1.

## II.     STANDARD OF REVIEW

Judicial review of the Commissioner's decision is a limited inquiry into whether the Commissioner's decision complies with relevant legal standards and whether substantial evidence supports the Commissioner's findings. 42 U.S.C. § 405(g); *Lucus v. Saul,* 960 F.3d 1066, 1068 (8th Cir. 2020); *Turpin v. Colvin,* 750 F.3d 989, 992-93 (8th Cir. 2014). "Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." *Collins v. Astrue,* 648 F.3d 869, 871 (8th Cir. 2011) (citations omitted). An ALJ "may not silently disregard" duly promulgated regulations by the Social Security Administration. *Brueggemann v. Barnhart,* 348 F.3d 689, 694 (8th Cir. 2003). A failure to follow applicable regulations constitutes legal error. *Id.* at 695. No deference is owed to the ALJ's legal conclusions. *Id.* at 692. A challenge to the procedures used by the ALJ is reviewed de novo. *See id.*

Regarding sufficiency of the evidence, a reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence in the record as a whole. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). The threshold for such evidentiary sufficiency is not high. *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support a conclusion." *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (citation omitted).

In evaluating for substantial evidence, a court must consider evidence supporting as well as evidence detracting from the Commissioner's decision. *Anderson v. Astrue,* 696 F.3d 790, 793 (8th Cir. 2015). "As long as substantial evidence in the record supports the Commissioner's decision, [a reviewing court] may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). If after reviewing the entire record it is possible to draw two inconsistent positions and the Commissioner adopted one of those positions, the court must affirm. *See Anderson*, 696 F.3d at 793.

## III.   DISCUSSION

Plaintiff contends this matter must be reversed because the ALJ failed to (A) address her treating physician's opinion, and (B) include certain limitations in the RFC and explain why those limitations were excluded. *See* Doc. 12.

## A.   Treating Physician's Medical Opinion

### (1)   Standard

Under the applicable regulations, no single medical opinion or medical source is given specific evidentiary weight, including controlling weight. 20 C.F.R. § 404.1520c(a).[2] Instead, the

---

[2] Because Plaintiff filed her application after March 27, 2017, 20 C.F.R. § 404.1520c applies.

ALJ must evaluate the persuasiveness of medical opinions by considering five factors: supportability,[3] consistency,[4] relationship with the claimant (including length of treatment relationship, frequency of examination, purpose of treatment relationship, extent of treatment relationship and examining relationship), specialization, and "other factors that tend to support or contradict a medical opinion . . . ." *Id.* § 404.1520c(a), (c)(1)-(5). Supportability and consistency are the "most important factors." *Id.* § 404.1520c(a).

An ALJ must "articulate . . . how persuasive [he] find[s] **all of the medical opinions**" in the record. *Id.* § 404.1520c(b) (emphasis added). Three "articulation requirements" must be satisfied. *Id.* § 404.1520c(b)(1)-(3). First, "when a medical source provides multiple medical opinion(s) . . . [the ALJ] will articulate how [he] considered the medical opinions . . . from that medical source together in a single analysis using the factors" identified above. *Id.* § 404.1520c(b)(1). Second, the ALJ must "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." *Id.* § 404.1520c(b)(2). Third, when the ALJ finds "two or more medical opinions . . . about the same issue are both equally well supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ] will articulate how [he] considered the other most persuasive factors" set forth above. *Id.* § 404.1520c(b)(3).

---

[3] Supportability is defined as "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).

[4] Consistency is defined as "[t]he more consistent a medical opinion(s) or prior administrative finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

### (2)    Dr. Ellis's Treatment of Plaintiff and Medical Opinion

From February 2017 through October 2019, Dr. Scott Ellis was Plaintiff's treating physician. *See* R. at 239-40, 243-45, 250-51, 258, 260-61, 276-77, 280-81, 290-91, 294-96, 585-97, 619-21, 629-30, 639, 642-43, 650-52, 659, 674, 683, 685-87, 704-06, 716, 751-53, 762-66, 773-75, 776, 784, 789-99, 803-04, 810-22. Dr. Ellis's notes reflect Plaintiff's regular complaints of depression and anxiety symptoms and his treatment of those symptoms (including prescribing, increasing, decreasing, and changing prescription medications). *See*, *e.g.*, R. at 240, 244-45, 294-95, 619-21, 629-30, 639, 642-43, 650-51, 659, 674, 762, 765. In June 2019, Dr. Ellis completed a Medical Source Statement – Physical ("MSS"). R. at 805-07. While most of the MSS is illegible, it appears that Dr. Ellis opined Plaintiff would be off task twenty-five percent of the time and is unable to work a "low stress" job. *Id.* at 807. Despite the illegibility of the MSS, it is clear that Dr. Ellis, as Plaintiff's long-time treating physician, was attempting to provide a medical opinion concerning her diagnoses and her limitations.

### (3)    The ALJ's Failure to Consider Dr. Ellis's Medical Opinion[5]

In his decision, the ALJ stated he considered "the entire record" and the "medical opinions . . . in accordance with the requirements of 20 CFR 404.1520c." R. at 22. Contrary to his statement and in disregard of the applicable regulation, the ALJ failed to discuss or articulate how persuasive he found Dr. Ellis's medical opinion. *See id.* at 22-26; 20 C.F.R. § 404.1520c(b). An ALJ's failure to comply with the Social Security Administration's regulations constitutes "legal error." *Lucus*, 960 F.3d at 1070 (citation omitted). If the error is considered harmless, remand is not required. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012). But an error is not

---

[5] In her brief, Defendant argued the ALJ properly disregarded Dr. Ellis's MSS because it did not constitute a medical opinion. Doc. 18 at 8-9. However, during oral argument, Defendant's counsel conceded Dr. Ellis's MSS was a medical opinion as defined by the regulations. *See* 20 C.F.R. § 404.1513(a)(2).

harmless when the Court "'cannot determine whether the ALJ would have reached the same decision denying benefits, even if [the ALJ] had followed proper procedure' for considering and explaining the value of [a medical] opinion." *Lucus*, 960 F.3d at 1070 (quoting *Brueggemann*, 348 F.3d at 694); *see also Byes*, 687 F.3d at 917 ("To show an error is not harmless, [the claimant] must provide some indication that the ALJ would have decided differently if the error had not occurred.").

The record establishes that had the ALJ complied with the applicable regulation and considered Dr. Ellis's medical opinion, he may have reached a different decision. During the hearing, the ALJ posed different hypothetical RFCs to a vocational expert, who opined on whether someone with the hypothetical RFCs would be able to work. R. at 103-08. One hypothetical RFC indicated the individual would, among other things, be off task more than twenty-five percent of the time. R. at 106. The VE testified the individual would be unable to sustain full-time competitive employment. R. at 106-07 (stating the "average worker would be off-task, perhaps ten to 15 percent at the most at any one time."). Thus, had the ALJ considered Dr. Ellis's medical opinion, the outcome in this matter may have been different. *See Dewey v. Astrue*, 509 F.3d 447, 449-50 (8th Cir. 2007) (remanding the matter for rehearing because the court could not determine whether the ALJ would have reached the same result if he had not committed legal error).

Defendant argues the ALJ did not have to consider Dr. Ellis's opinion that Plaintiff would be off task twenty-five percent of the time because it was "conclusory," and Dr. Ellis's opinion that Plaintiff is unable to work a low stress job is a determination "reserved for the Commissioner." Doc. 18 at 8. Both argues fail. First, Dr. Ellis's opinion that Plaintiff would be off task at least twenty-five percent of the time is not conclusory. His opinion is supported by his treatment notes, which describe his years of treating Plaintiff and his observations of and interactions with

6

Plaintiff.[6]  Second, Dr. Ellis did not opine on an issue reserved for the Commissioner.  *See Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010) (noting "opinions that a claimant is 'disabled' or 'unable to work' concern issues reserved for the Commissioner") (citation omitted).  Rather, he opined Plaintiff was unable to work a "low stress" job.  R. at 807.  This finding fulfills the definition of "medical opinion," which sets forth what a claimant "can still do despite [her] limitations" with regard to certain abilities including the "ability to perform mental demands of work activities."  20 C.F.R. § 404.1513(a)(2)(ii).

In addition, the ALJ is responsible for developing the record "fairly and fully, independent of the claimant's burden."  *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (quoting *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)).  If the record "does not contain all the information" necessary to determine whether a claimant is disabled, the ALJ may recontact a medical source, request additional existing evidence, order a consultative examination, or ask the claimant or others for more information.  20 C.F.R. § 404.1520b(b)(2).  Further, if a treating physician's opinion "contains a conflict or ambiguity" or is illegible, which results in a crucial issue being undeveloped or the ALJ being unable to determine whether the claimant is disabled, the ALJ must seek clarification from the treating physician.  *See Grindley v. Kijakazi*, 9 F.4th 622, 629-30 (8th Cir. 2021); *Bishop v. Sullivan*, 900 F.2d 1259, 1262 (8th Cir. 1990) (remanding the matter because "important evidentiary material" was illegible, and the court could not determine whether the claimant was disabled) (citations omitted); *Kifer v. Colvin*, No. 16-00017-CV-W-REL, 2016 WL

---

[6] The Court would be remiss if it failed to note the inconsistency in Defendant's argument.  Defendant does not argue the same opinion – i.e., Plaintiff would be off task at least twenty-five percent of the time – from a different medical provider, counselor Joseph De Vries, was conclusory.  *See* Doc. 18 at 4-7.  Instead, Defendant argues the ALJ properly considered the counselor's opinions about Plaintiff's moderate limitations because they were supported by the record.  *Id*. at 6.  The Court also observes the ALJ did not find Mr. De Vries's opinions were conclusory.  *See* R. at 25-26.

7

7042935, at *7-8 (W.D. Mo. Dec. 2. 2016) (citations omitted) (observing illegible records from a treating physician "cannot just be ignored.").

Because Plaintiff's long-time treating physician, Dr. Ellis, clearly attempted to provide a medical opinion about Plaintiff's functional limitations and the opinion was largely illegible, the ALJ should have sought clarification from Dr. Ellis. The ALJ's failure to consider Dr. Ellis's opinion constitutes reversible legal error. Accordingly, the Court reverses the Acting Commissioner's decision and remands this matter. Upon remand, the ALJ must obtain a legible copy of Dr. Ellis's MSS, or if a legible copy is unavailable, obtain a new MSS from Dr. Ellis. The ALJ must consider Dr. Ellis's medical opinion, evaluate the persuasiveness of the medical opinion, and properly articulate the persuasiveness of Dr. Ellis's medical opinion. 20 C.F.R. § 404.1520c(a)-(c).

## B.    Exclusion of Limitations in the RFC

### (1)    Standard

One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Because the RFC is a medical question, "an ALJ's assessment of it must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

### (2)    Mr. De Vries's Treatment of Plaintiff and Medical Opinion

In October 2018, Plaintiff began seeing Mr. De Vries, who is a licensed counselor. R. at 87, 386-90. According to her hearing testimony, Plaintiff continued to see Mr. De Vries until at

least December 2019.  R. at 87.[7]  In June 2019, Mr. De Vries completed an MSS.  R. at 826-27. Mr. De Vries, like Dr. Ellis, opined Plaintiff would be off task at least twenty-five percent or more of the time.  R. at 826.  Mr. De Vries indicated Plaintiff was "extremely limited"[8] in her ability to complete a normal workday and workweek without interruption from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods.  R. at 826-27.

In addition, Mr. De Vries found Plaintiff was "markedly limited"[9] in her ability to work in coordination with or proximity to others without being distracted by them, interact appropriately with the general public, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and travel in unfamiliar places or use public transportation.  R. at 827.  He also concluded Plaintiff was "moderately limited"[10] in her ability to carry out detailed instructions, maintain attention and concentration for extended periods, accept instructions and respond appropriately to criticism from supervisors, and ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.  *Id*.

### (3)    The ALJ's Consideration of Mr. De Vries's Medical Opinion

The ALJ found Mr. DeVries's opinions that Plaintiff was extremely and markedly limited in certain areas and would be off task twenty-five percent of the time were not persuasive because

---

[7] The record includes Mr. De Vries's treatment notes from four sessions in October 2018, two sessions in November 2018, two sessions in December 2018, and one session in January 2019.  R. at 391-416.  Also included in the record is a February 19, 2019 letter from Mr. De Vries to Dr. Ellis wherein he stated Plaintiff has experienced multiple events of physical and verbal abuse, suffered from PTSD and generalized anxiety disorder ("GAD") symptoms, avoided internal and external stimuli, and experienced panic attacks, nightmares, flashbacks, overly negative thoughts, hypervigilance, irritability, difficulty concentrating, and difficulty sleeping.  R. at 701-02.  It is unclear why the record does not include Mr. De Vries's treatment notes from February 2019 to December 2019.

[8] Extremely limited is an impairment level that precludes "useful functioning."  R. at 826.

[9] A marked limitation "seriously interferes with the ability to function independently" or is considered to be a "60% overall reduction in performance."  R. at 826.

[10] A moderate impairment level is "compatible with some, but not all, useful functioning" or is considered to be a "30% overall reduction in performance."  R. at 826.

the opinions were "not supported by or consistent with the findings and assessments in the active treatment notes of [Mr. De Vries] or any other provider." R. at 25-26. But the ALJ determined Mr. De Vries's opinions that Plaintiff was mildly or moderately limited in certain areas were "generally supported by and consistent with the available evidence." R. at 26. Plaintiff raises two issues with regard to the ALJ's consideration of Mr. De Vries's opinion. First, the ALJ improperly determined the record did not support Mr. De Vries's opinion that Plaintiff would be off task at least twenty-five percent of the time. Doc. 12 at 18-19. Second, although the ALJ determined Mr. De Vries's opinions as to Plaintiff's moderate limitations were persuasive, he failed to include those limitations in the RFC or explain why the limitations were excluded. *Id*. at 9-14.

With regard to the first issue raised by Plaintiff, the ALJ erred in finding there was no support in the record for Mr. De Vries's opinion that Plaintiff would be off task at least twenty-five percent of the day due to her symptoms interfering with attention. Plaintiff's treating physician, Dr. Ellis, rendered the same opinion. *See supra*, section III(A)(2). Thus, contrary to the ALJ's determination, Mr. De Vries's opinion was supported by and consistent with another provider's opinion.

Regarding the second issue raised by Plaintiff, the ALJ's RFC included some but not all moderate limitations set forth by Mr. De Vries. *See* R. at 22 (limiting Plaintiff to understanding, remembering, and carrying out less than complex instructions and maintaining concentration, persistence, or pace on less than complex tasks with occasional interaction with others). *Id*. First, the ALJ's RFC did not address Plaintiff's moderate limitation in responding appropriately to supervisors' criticisms and maintaining socially appropriate behavior. Second, while the ALJ's RFC limited Plaintiff to maintaining concentration, persistence, or pace on less than complex tasks, the RFC did not incorporate a moderate limitation in maintaining attention and concentration for

extended periods.[11] An individual's ability to maintain attention and concentration for extended periods differs from whether he or she can complete simple tasks. *See Richardson v. Colvin*, No. 16-6148-CV-SJ-RK, 2017 WL 6420283, at *2 (W.D. Mo. Dec. 18, 2017); *Demoreuille v. Colvin*, No. 15-0528-CV-W-ODS, 2016 WL 4129117, at *2 (W.D. Mo. Aug. 3, 2016).

Due to the ALJ's failure to include the foregoing limitations in the RFC, the Court reverses the Acting Commissioner's decision and remands this matter. Upon remand, the ALJ must reconsider, in light of the ALJ's consideration of Dr. Ellis's medical opinion, the weight afforded Mr. De Vries's opinion that Plaintiff's would be off task at least twenty-five percent of the time. In addition, the ALJ's RFC shall account for Plaintiff's moderate limitation in responding appropriately to supervisors' criticisms and maintaining socially appropriate behavior and her moderate limitation in maintaining attention and concentration for extended periods.

### IV.    CONCLUSION

For the foregoing reasons, the Court finds the substantial evidence in the record as a whole does not support the ALJ's decision. Accordingly, the Commissioner's decision is **REVERSED**, and the matter is **REMANDED** for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

DATE: March 31, 2022             ___/s/ W. Brian Gaddy_____
                                 W. BRIAN GADDY
                                 UNITED STATES MAGISTRATE JUDGE

---

[11] Like Mr. De Vries, the ALJ found Plaintiff was moderately limited in her ability to concentrate, persist, or maintain pace. R. at 20. He did not indicate this limitation pertained only to "less than complex tasks." *See id.* Yet, the ALJ's RFC only referenced Plaintiff's limited ability to maintain concentration, persistence, or pace on less than complex tasks.